**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| ESU PURSUITS, LLC,<br><br>Plaintiff,<br><br>Vs.<br><br>TREVOR PLACE, Personally and in his capacity as SHERIFF OF HARRISON COUNTY, MISSOURI<br>1501 Central Street<br>Bethany, MO 64424<br><br>HARRISON COUNTY, MISSOURI<br>SHERIFF'S DEPARTMENT<br>1501 Central Street<br>Bethany, MO 64424<br><br>HARRISON COUNTY, MISSOURI<br>JACK W. HODGE, PRESIDING COMMISSIONER<br>1505 Main Street<br>Bethany, MO 64424<br><br>JOHN DOES 1-5<br><br>Defendants | Case No:<br><br>JURY TRIAL DEMANDED |

**CIVIL RIGHTS COMPLAINT**
Pursuant to 42 U.S.C. §1983(Non-Prisoner) and
**SUPPLEMENTAL CAUSES OF ACTION ARISING UNDER STATE LAW**

COMES NOW Plaintiff, ESU Pursuits, LLC ["Plaintiff" or "ESU"], by and through its attorney Ronald E. Sandhaus, and for its complaint against the Defendants, states and shows the Court:

## I. JURISDICTION

1. This court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343 and this complaint arises out of the Defendants' violation of the Plaintiff's rights conferred by the Constitution of The United States Of America . Federal question jurisdiction arises pursuant to 42 U.S.C.

§1983.

2. Plaintiff asserts claims for relief under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Constitution or laws of the United States of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367 in that such claims are so related to claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

4. This Court also maintains jurisdiction over Plaintiff's common law claims, pursuant to 28 U.S.C. 1332, because there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000.00.

## II. VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the acts of the Defendants giving rise to the Plaintiff's causes of action took place in Wyandotte County, Kansas and the Plaintiff is a resident of Wyandotte County, Kansas.

## III. PARTIES

6. Plaintiff ESU Pursuits, LLC is a Kansas limited liability company having its principal place of business located at 11021 Kaw Drive, Edwardsville, KS 66111.

7. ESU is in the business of upfitting motor vehicle for use by law enforcement, first responders and related entities.

8. Defendant Trevor Place ("Place") is an individual who is the Sheriff of Harrison County,

Missouri and is, upon information and belief, a resident of Harrison County, Missouri and may be found for the purpose of service of process in both his personal capacity and in his capacity as the Sheriff of Harrison County, Missouri at 1501 Central St, Bethany, MO 64424.

9. Defendant Trevor Place is the elected Sheriff of Harrison County, Missouri and is an employee and/or agent of Harrison County, Missouri.

10. Defendant Harrison County, Missouri Sheriff's Department is an agency of Harrison County, Missouri.

11. Defendant Harrison County, Missouri is a political subdivision of the State of Missouri and is the employer of Defendants, Place and Does 1-5.

12. Defendant Harrison County is subject to suit under 42U.S.C.1983.

13. Defendants John Does 1-5 are persons who are deputy sheriffs of Harrison County, Missouri Sheriff's Department whose identities are unknown at this time but will be determined through discovery in this matter and the Plaintiff asserts claims against these defendants in both their personal capacity and in their capacity as deputy Sheriff's officers of the Harrison County, Missouri Sheriff's Department.

14. All defendants were acting under color of law because they undertook all of the actions complained of herein while in the uniform of the Harrison County, Missouri Sheriff's Department and because they represented themselves to the Plaintiff, Plaintiff's employees, and to third parties as acting in their capacities of Sheriff and Deputy Sheriffs, respectively, with respect to each of their acts and omissions complained of herein and, as herein described, undertook their course of conduct in the uniform of, and displaying the badge and insignia of the Harrison County, Missouri Sheriff's Department.

15. The wrongful and unlawful acts of Place and those acting under his authority were committed

through his utilization of county resources (e.g., official offices on county property, motor vehicles, social media accounts, public meetings, official letterhead, telephones, etc.) this misconduct to the county.

16. As a political subdivision of the State of Missouri Harrison County is responsible for the policies, practices, and supervision of its law enforcement personnel, including the elected Sheriff.

## IV. FACTUAL ALLEGATIONS

17. On or about June 27, 2025 Defendant Place commenced a course of conduct whereby he sought to intentionally damage the business and reputation of the Plaintiff and such course of conduct is ongoing and will likely continue unless the conduct of Defendant is enjoined.

18. That on or about July 1, 2025 Defendant Place and Defendants Does 1 through 5 entered the Plaintiffs business premises wearing their uniforms and displaying their official badges and the insignias of the Defendant Harrison Court, Missouri Sheriff's Department, and conducted a search of the premises that included opening tool box drawers, photographing documents and displays containing confidential customer information and thereby appropriating the same.

19. That the confidential customer information taken from the Plaintiff by the Defendants was used by the Defendants to facilitate the wrongful course of conduct engaged in by Defendants complained of herein.

20. That the course of conduct of engaged in through Defendants at times from June 27, 2025 to the present, the exact dates of which will be determined through the discovery process, included, but not limited to the following acts:

a. sending disparaging electronic mails to other sheriffs and third parties whose identities

will be determined through discovery and examination of Defendant Place's electronic mail accounts;

b. attempting to use his office and influence to cause Plaintiff to be excluded or "banned" from the Missouri Sheriff's Conference;

c. falsely claiming that when he picked up the automobile that Plaintiff had prepared for Defendants it was in such horrible condition that it was undrivable and he had to take it to a Ford dealership;

d. posting false and defamatory posts on social media libeling the kind and quality of the work and workmanship of the Plaintiff;

e. Posting false and defamatory posts on social media libeling the honesty and integrity of the Plaintiff;

f. Calling other sheriffs and law enforcement agencies with whom the Plaintiff had business relationships and/or expectations of business relationships and interfering with the Plaintiff's business relationships and prospective business relationships by using false allegations to persuade those persons to cancel contracts and otherwise cease or refrain from doing business with the Plaintiff;

g. Enlisting or encouraging other persons with whom Plaintiff has no business relationship to participate in the in the dissemination of false and defamatory statements about the Plaintiff; and

h. For example, On or about September 16, 2025 a customer who was in the process of finalizing a vehicle lease with ESU was informed by the Edwardsville Kansas Police Chief of the following:

    i) ESU was a not a "legitimate" business;

ii) ESU laid of all employees two weeks earlier; and

iii) ESU "scams" agencies out of money and does not deliver vehicles.

i. The Edwardsville Kansas Police Chief had no personal knowledge or experience with ESU that would cause him to spread these false and defamatory statements.

j. Until Defendant embarked on a campaign to harm ESU's business and reputation such, it had not been the subject of rumors about the integrity of its business practices.

## V. VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

21. Plaintiff incorporates by reference preceding paragraphs 1 through 20 as though fully set forth herein.

22. Defendant Place is an elected official who serves as the Sheriff of Harrison was acting under color of state law at all relevant times.

23. Defendant Place is the final policymaker for law enforcement operations in Harrison County. The actions described herein were undertaken pursuant to official policy or longstanding custom, or were ratified by Harrison County through its failure to investigate, discipline, or correct known misconduct. Harrison County is therefore liable under 42 U.S.C. § 1983 for the constitutional violations committed by its officials and agents.

24. Defendant Place knowingly and falsely accused Plaintiff's business of fraudulent practices and defective workmanship, despite having no factual basis for such claims.

25. Defendant disseminated these false statements through official channels, social media platforms, and direct communications with Plaintiff's current and prospective customers, leveraging the authority, credibility, and access afforded by his elected office.

26. Defendant 's conduct was undertaken with actual malice and a retaliatory motive, intending to damage Plaintiff's reputation, suppress lawful business activity, and interfere with Plaintiff's economic relationships.

27. Defendant Harrison County, Missouri, through its policies, customs, and practices, permitted or failed to prevent the misuse of official authority and county facilities by Defendant Place] to defame and interfere with Plaintiff's business.

28. The County failed to train, supervise, or discipline the Sheriff regarding the use of county resources and communications in a manner that respects constitutional and state law limits.

29. Defendants' actions described violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, including the right to engage in lawful business free from retaliatory government interference and the right to due process.

30. Defendant Place, acting under color of state law and in his capacity as the elected Sheriff of Harrison County, knowingly and maliciously engaged in the above conduct that violated Plaintiff's constitutional rights, including but not limited to defamatory statements, interference with business relationships, and retaliatory actions. These acts were outside the scope of lawful authority and undertaken with actual malice and reckless disregard for Plaintiff's federally protected rights.

31. As a direct and proximate result of Defendants' conduct, Plaintiff suffered reputational harm, loss of business relationships, and current and future economic damages.

32. Defendant's conduct was willful, wanton, and malicious, and demonstrated a conscious disregard for Plaintiff's federally protected rights.

33. Pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff is entitled to compensatory damages, punitive damages, and reasonable attorney's fees.

34. As a direct result of Defendants' unlawful acts and omissions, Plaintiff has suffered damages in excess of $75,000 in lost income, damage to its reputation, embarrassment, and loss of good standing in the community.

## VI -TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

35. Plaintiff incorporates by reference preceding paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff maintained valid and ongoing business relationships with multiple clients and prospective clients in Kansas, Missouri and throughout the United States.

37. Defendant, with full knowledge of these relationships, intentionally and unjustifiably interfered by making false statements, threats, and inducements designed to cause those clients to terminate or avoid business dealings with Plaintiff.

38. Defendant's conduct was not privileged and was undertaken with actual malice and reckless disregard for Plaintiff's economic interests.

39. Defendant's conduct was not related to legitimate law enforcement duties and were made with actual malice, intending to harm Plaintiff's reputation and business.

40. Defendant's conduct was outside the scope of lawful authority conferred upon the Harrison County Sheriff.

41. As a direct and proximate result of Defendant's interference, Plaintiff suffered loss of business, damage to reputation, and economic harm.

42. Defendant's actions were willful, wanton, fraudulent, and malicious, and demonstrated a conscious disregard for Plaintiff's rights and economic livelihood.

43. Pursuant to K.S.A. § 60-3701, Plaintiff is entitled to recover punitive damages in an amount sufficient to punish Defendant and deter similar conduct in the future.

## VII - DEFAMATION

44. Plaintiff incorporates by reference preceding paragraphs 1 through 43 as though fully set forth herein.

45. Defendant engaged in an extended campaign of publishing false and defamatory statements about Plaintiff to third parties, including but not limited to clients, vendors, and members of the public.

46. These statements falsely accused Plaintiff of unethical conduct, dishonesty, and incompetence in their professional capacity.

47. Defendant engaged in these actions with intent to cause economic harm to or possibly destroy Plaintiff's business.

48. Defendant made such statements with actual malice, knowing they were false or with reckless disregard for their truth or falsity.

49. Defendant mad such statements without lawful justification or excuse.

50. The defamatory statements were not privileged and caused Plaintiff reputational harm, emotional distress, and economic loss.

51. Defendant's conduct was willful, wanton, fraudulent, and malicious, and demonstrated a conscious disregard for Plaintiff's rights and reputation.

52. Plaintiff, as a result of Defendant's actions is entitled to recover damages for economic loss including, not limited to past and future business revenues, damage to business reputation and loss to the valuation of the business.

53. Plaintiff, as a result of Defendant's actions is entitled to recover punitive damages in an amount sufficient to punish Defendant and deter similar conduct in the future.

## VIII - REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, in addition to the damages described in paragraphs 1 through 53 above, prays this Court to immediately enjoin the Defendant from the use of its customer information for any purpose, enjoin the Defendants from posting disparaging information and comments on social media, enter judgment in its favor and against the all Defendants, jointly and severally, awarding Plaintiff such damages in excess of $75,000 as the Court or jury shall determine proper, for an award of its attorneys' fees incurred in the prosecution of this action, pre and post judgment interest as allowed by law, punitive damages in an amount sufficient to deter the Defendants and others like them from engaging in the same or similar behavior in the future, its costs herein, together with such other and further relief as this Court shall deem just and proper.

## IX - DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable herein.

## X - DESIGNATION OF PLACE OF TRIAL

The Plaintiff hereby designates Kansas City, Kansas as the place of trial of this action.

Respectfully submitted,

/s/ Ronald E. Sandhaus
Ronald E. Sandhaus #20666
5174 W. 114th Place
Leawood, Kansas 66211
(913) 906-0010
rsandhaus@noflawlaw.com
ATTORNEY FOR PLAINTIFF